NANCY SESSA, Appellant, v. BROOKLYN & QUEENS TRANSIT CORPORATION, Respondent.— Action to recover damages for personal injuries sustained by plaintiff when the automobile in which she was riding collided with a trolley car of defendant. Appeal from judgment dismissing the complaint on the merits at the close of plaintiff's case. Judgment affirmed, with costs. No opinion. Young, Johnston, Adel and Taylor, JJ., concur; Lazansky, P. J., dissents and votes for reversal and a new trial, with the following memorandum: It is the duty of a street railroad company to operate its trolley cars to avoid injury to other vehicles and their passengers, whether those vehicles precede or follow the trolley cars. The company is not relieved of this duty because it operates a car by one person. Although the movement of trolley cars is limited by the tracks on which they run, the operator may not recklessly disregard other vehicles and those in them. Drivers of motor vehicles following a trolley car have a right to believe that the trolley cars will go on their way without stopping in the middle of a block, except in an emergency or at a stop station to receive or discharge passengers, plainly indicated by signs, as authorized by chapter 24, article 2, section 18, of the Code of Ordinances of the City of New York. A fair implication of this ordinance is that trolley cars may not stop in the middle of a block of a street such as Eighty-sixth street without the consent of the police, and the installation of a " trolley stop " sign, except, of course, in an emergency. Plaintiff was a passenger in an automobile going along Eighty-sixth street, Brooklyn, at the rate of from fifteen to eighteen miles an hour, twenty-five to thirty feet behind a trolley car going at a lesser rate of speed. The trolley car was operated by a motorman; there was no conductor. The trolley car suddenly stopped in the middle of a block without warning, and the driver of the motor car was unable to stop his vehicle to avoid a collision. Plaintiff, a passenger in the motor car, was hurt. It may be inferred from the surrounding circumstances that the trolley car was stopped without a competent reason therefor or because of the existence of a switch by which it was intended to switch the car to adjacent tracks for a return trip. There was nothing to indicate an emergency. If there was no valid reason for stopping the car, then a jury might find it was negligent for the motorman so to stop in the middle of the block without notice to cars following. If the car was stopped for switching purposes, then, assuming the franchise of the company authorized the use of city streets for switching purposes, a jury might find it was negligent for it suddenly to stop its car without some notice or other warning that switching was to be done at that point. It may be that such warning could be given by a rear-end signal automatically operated. The complaint was dismissed at the end of plaintiff's case because there was no proof of negligence on defendant's part. I am of opinion there was a question of fact for the jury as to defendant's

negligence. That the collision may have been due solely to the negligence of the driver of the automobile is not before the court. The judgment should be reversed and a new trial ordered.